UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYLER BAKER,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY**,<br><br>Defendant. | **COMPLAINT**<br><br>**21 CV _____**<br><br>**Class Action**<br><br>**Jury Demanded** |

Plaintiff Tyler Baker ("Mr. Baker"), on behalf of himself and all others similarly situated, alleges as follows:

1. Mr. Baker is bringing this class action against defendant CHW Group, Inc. d/b/a/ Choice Home Warranty ("CHW" or "Defendant") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (collectively, the "TCPA"), as well as 9 VT Stat. Ann. §§ 2464a, 2464c.

2. Upon infromation and belief, at all times relevant to this Complaint, Defendant physically called thousands of persons in the United States and Vermont, including Mr. Baker, on their residential and/or cellular telephone lines, using a prerecorded or artificial-voice, encouraging them to purchase Defendant's home warranty services.

3. Upon information and belief, Defendants did not obtain any prior express consent from the persons called to make such calls using a prerecorded or artificial voice.

4. Upon information and belief, these calls violated the TCPA, and 9 VT Stat. Ann. §§ 2464a, 2464c in numerous ways. Accordingly, Mr. Baker is bringing this class action.

1

## PARTIES, JURISDICTION AND VENUE

5. Mr. Baker is a citizen and resident of Vermont.

6. Upon information and belief, Defendant CHW, Inc. is incorporated in, and has its principal place of business in New Jersey.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Mr. Baker and proposed Classes A and B's claims pursuant to the TCPA (47 U.S.C. § 227).

8. This Court has jurisdiction under 28 U.S.C. §§ 1332(d), 1367 over Mr. Baker and proposed Classes C and D's claims pursuant to 9 VT Stat. Ann. §§ 2464a, 2464c.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## FACTS

10. Upon information and belief, on numerous occasions in over the last 12 months, Defendant physically called Mr. Baker on his cellphone in Vermont that, using an artificial or prerecorded voice to promote the purchase of Defendants' home warranty services.

11. Mr. Baker's cell phone is a personal cell phone and he uses it for personal purposes only.  Mr. Baker's cell phone number is 802-238-2723.

12. On December 3, 2020, one of the calls Defendant physically made to Mr. Baker's cell phone left the following prerecorded or artificial voice message on his voicemail: "Hi this is Erica calling from Choice Home Warranty and we're running our special Cyber Monday sale. We are able to offer you 20 percent off and your first month free.  You can reach us directly at 1-

800-814-4345 to take advantage of this special Cyber Monday rate.  You don't want to miss this sale!  So again, be sure to give us a call back at 1-800-814-4345.  Have a great day."

13. On January 1, 2021, one of the calls Defendant physically made to Mr. Baker's cell phone left the following prerecorded or artificial voice message his voicemail: "This is Cynthia with Choice Home Warranty calling to offer you a better deal that you're able to get online.  You're able to get a cheaper deal with me, a customer service representative.  So when you get this message, please call me directly at 800-814-2534 extension 4025.  Again this is Cynthia Clemens with Choice Home Warranty able to get you a better rate than you are able to get online.  My direct extension is 800-814-2534 extension 4025.

14. Plaintiff believes that the above messages were left using an artificial or prerecorded voice because the messages were generic and was not aimed at him personally.

15. Mr. Baker's cell phone number to which Defendant physically made the above calls was registered by Mr. Baker on the national do not call registry more than 31 days prior to his receiving those calls.

16. Upon information and belief, Defendant is not, and has never been registered or licensed with, or regulated or chartered by, the Vermont Secretary of State, the Vermont Public Utility Commission, the Vermont Department of Financial Regulation, or the Vermont Department of Taxes or is a financial institution subject to regulations adopted pursuant to 15 U.S.C. § 6804(a) by a federal functional regulator.

17. Upon information and belief, over the last four years, Defendant has physically made calls using an artificial or prerecorded voice to more than ten-thousand (10,000) landline telephones and cellular telephones throughout the United States, including Vermont, that contained messages identical to or substantially similar to the message listed in paragraphs 12

and 13 above without having obtained the prior express consent of the persons called.

18. Upon information and belief, over the last four years, Defendant physically made more than one telephone call within any 12-month period to more than ten-thousand (10,000) of residential and cellular telephones whose numbers were and are registered on the national do not call list, throughout the United States, including Vermont, that contained messages identical to or substantially similar to the message listed in paragraphs 12 and 13 above.

19. Upon information and belief, over the last four years, Defendant did not (a) maintain a do-not call list; (b) maintain a written policy about the list; (c) inform or train its employees about the use of the list; or (d) honor within a reasonable time a do-not-call request.

20. Neither Mr. Baker nor, upon information and belief, any of the persons to whom Defendant physically made the foregoing calls (1) signed a written agreement that provided the signatories' telephone numbers and also authorized the delivery of advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice to those telephone numbers; (2) signed a written agreement that informed the signatory that that by executing the agreement the signatory authorized another person to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (3) signed a written agreement which stated that the signatory was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods or services.

21. Upon information and belief, over the last six years, Defendant physically made, and/or persons hired by Defendant physically made at least one telephone call to more than ten-thousand (10,000) telephones in Vermont that contained messages identical to or substantially similar to the message listed in paragraphs 12 and 13 above.

22. Upon information and belief, over the last six years, Defendant physically made, and/or persons hired by Defendant physically made at least one telephone call to more than ten-thousand (10,000) telephones in Vermont whose numbers were and are registered on the national do not call list, that contained messages identical to or substantially similar to the message listed in paragraphs 12 and 13 above.

23. Upon information and belief, Defendant has been sued numerous times for its violations of the TCPA and other telemarketing statutes but continues those violations notwithstanding those lawsuits.

24. Mr. Baker suffered concrete harm as a result of receiving the telephone calls described above because the calls tied up Mr. Baker's telephone line, invaded Mr. Baker's privacy, annoyed Mr. Baker, used up a portion of Mr. Baker's cell phone battery's charge, and wasted Mr. Baker's time.

## CLASS ALLEGATIONS

25. Mr. Baker brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, against Defendants for Defendants' violations of the TCPA.

26. Mr. Baker seeks to represent four classes (the "Classes") defined as follows:

Class A: All persons in the United States that, without having given any prior express written consent, whose cellular phone and/or residential landline phone Defendant physically called over the last four years, using a prerecorded or artificial voice that delivered a message identical or substantially similar to the message left for Mr. Baker as described in paragraphs 12 and 13 above.

Class B: All persons and entities in the United States, whose residential landline

and/or residential cellular phone numbers are registered on the national do not call list, to whose residential phones (including cellular phones) Defendant physically made more than one telephone call within any 12-month period over the last four years, that delivered a message identical or substantially similar to the messages left for Mr. Baker as described in paragraphs 12 or 13 above.

 Class C: All persons in the state of Vermont to whom Defendant physically made a call or to whom a person hired by Defendant physically made a call over the last six years that delivered a message identical or substantially similar to the messages left for Mr. Baker as described in paragraphs 12 or 13 above.

 Class D: All persons in the state of Vermont whose telephone numbers are registered on the national do not call list, to whose telephone numbers on the national do-not-call list Defendant physically made or to whose telephone number on the national do-not-call list a person hired by Defendant physically made a call over the last six years, that delivered a message identical or substantially similar to the messages left for Mr. Baker as described in paragraphs 12 or 13 above.

 27. <u>Numerosity</u>:  Upon information and belief, each of Classes contains more than ten thousand members.  The Classes are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective Classes' members through this class action will benefit both the parties and this Court.

 28. <u>Ascertainability</u>:  Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.  Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as

published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and appropriate by the Court.

29. <u>Typicality</u>: Mr. Baker's claims are typical of the claims of the members of the Classes. The claims of Mr. Baker and the members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

30. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes. The questions of fact and law common to Mr. Baker and the Classes predominate over questions that may affect individual members,

31. As to Class A those questions include:

(a) Whether Defendant's conduct violated the 47 U.S.C. § 227(b);

(b) whether Mr. Baker and the members of Class A are entitled to statutory damages from Defendant under the TCPA;

(c) whether Defendant's violations of the TCPA were willful or knowing;

(d) whether Mr. Baker and the members of the Class A are entitled to up to triple statutory damages under the TCPA from Defendants for Defendants' willful and knowing violations of the TCPA; and

(e) whether Mr. Baker and the members of the Class A are entitled to injunctive relief against Defendant under the TCPA

32. As to Class B those questions include:

(a) Whether Defendant's conduct violated the 47 U.S.C. § 227(c);

(b) whether Mr. Baker and the members of Class B are entitled to statutory damages

from Defendant under the TCPA;

(c) whether Defendant's violations of the TCPA were willful or knowing;

(d) whether Mr. Baker and the members of the Class B are entitled to up to triple statutory damages under the TCPA from Defendants for Defendants' willful and knowing violations of the TCPA; and

(e) whether Mr. Baker and the members of the Class B are entitled to injunctive relief against Defendant under the TCPA.

33. As to Class C those questions include:

(a) Whether Defendant's conduct violated 9 VT Stat. Ann. § 2464a(b)(1);

(b) whether Mr. Baker and the members of Class C are entitled to statutory damages from Defendant under 9 VT Stat. Ann. § 2464c;

(c) whether Mr. Baker and the members of Class C are entitled to punitive damages from Defendant under 9 VT Stat. Ann. § 2464c; and

(d) whether Mr. Baker and the members of the Class C are entitled to injunctive relief against Defendant under 9 VT Stat. Ann. § 2464c

34. As to Class D those questions include:

(a) Whether Defendant's conduct violated 9 VT Stat. Ann. § 2464a(b)(2);

(b) whether Mr. Baker and the members of Class C are entitled to statutory damages from Defendant under 9 VT Stat. Ann. § 2464c;

(c) whether Mr. Baker and the members of Class C are entitled to punitive damages from Defendant under 9 VT Stat. Ann. § 2464c; and

(d) whether Mr. Baker and the members of the Class C are entitled to injunctive relief against Defendant under 9 VT Stat. Ann. § 2464c.

35.     <u>Adequacy of Representation</u>:  Mr. Baker is an adequate representative of the Classes because Mr. Baker's interests do not conflict with the interests of the members of the Classes.  Mr. Baker will fairly, adequately and vigorously represent and protect the interests of the members of the Classes, and has no interests antagonistic to the members of the Classes.  Mr. Baker has retained counsel who are competent and experienced in litigation in the federal courts and class actions.

36.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes.  While the aggregate damages that may be awarded to the members of the Clasess are likely to be substantial, the damages suffered by individual members of the Classes are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to him, her or it. The likelihood that individual members of the Classes may prosecute separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  This action's proceeding as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Classes.  Mr. Baker is unaware of any difficulty that might arise in managing this action that would preclude its maintenance as a class action.

## FIRST CLAIM

37.     Mr. Baker repeats each and every allegation contained in all the preceding paragraphs and incorporates such allegations by reference.

38. By engaging in the conduct described above, Defendant committed more than 10,000 of violations of the TCPA and the regulations promulgated thereunder, specifically 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(1)(B) and 47 C.F.R. §§ 64.1200(a)(1)(iii) & (a)(2), against Mr. Baker and the members of Class A.

39. Mr. Baker and the members of the Class A are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of at least $500 per violation, which amounts to greater than $5,000,000.

40. If it is found that Defendant willfully and/or knowingly violated the TCPA, Mr. Baker and the members of the Class request that the Court increase the damage award against Defendant to $1,500 per violation, as authorized by 47 U.S.C. § 227(b)(3), which amounts to more than $15,000,000.

41. Mr. Baker and the members of the Class A are also entitled to an injunction against Defendant under 47 U.S.C. 227(b)(3).

## SECOND CLAIM

42. Mr. Baker repeats each and every allegation contained in all the preceding paragraphs and incorporates such allegations by reference.

43. By engaging in the conduct described above, Defendant committed more than 10,000 of violations of the TCPA and the regulations promulgated thereunder, specifically 47 U.S.C. § 227(c) and 47 C.F.R. §§ 64.1200(c)(2) & (d) against Mr. Baker and the members of Class B.

44. Mr. Baker and the members of the Class B are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of at least $500 per violation, which amounts to greater than $5,000,000.

45. If it is found that Defendant willfully and/or knowingly violated the TCPA, Mr. Baker and the members of the Class request that the Court increase the damage award against Defendant to $1,500 per violation, as authorized by 47 U.S.C. § 227(b)(3), which amounts to more than $15,000,000.

46. Mr. Baker and the members of the Class B are also entitled to an injunction against Defendant under 47 U.S.C. 227(b)(3).

### THIRD CLAIM

47. Mr. Baker repeats each and every allegation contained in all the preceding paragraphs and incorporates such allegations by reference.

48. By engaging in the conduct described above, Defendant committed more than 10,000 of violations of 9 VT Stat. Ann. § 2464a(b)(1) against Mr. Baker and the members of Class C.

49. Mr. Baker and the members of the Class C are entitled to statutory damages from Defendant under 9 VT Stat. Ann. § 2464c of at least $500 per violation, which amounts to greater than $5,000,000.

50. Mr. Baker and the members of the Class C are also entitled to punitive damages from Defendants under 9 VT Stat. Ann. § 2464c in an amount to be determined at trial.

51. Mr. Baker and the members of the Class C are also entitled to an injunction against Defendant under 9 VT Stat. Ann. § 2464c.

52. Mr. Baker and the members of the Class C are also entitled to reasonable costs and attorney's fees for this action from Defendants under 9 VT Stat. Ann. § 2464c.

### FOURTH CLAIM

53. Mr. Baker repeats each and every allegation contained in all the preceding

paragraphs and incorporates such allegations by reference.

54. By engaging in the conduct described above, Defendant committed more than 10,000 of violations of 9 VT Stat. Ann. § 2464a(b)(2) against Mr. Baker and the members of Class C.

55. Mr. Baker and the members of the Class D are entitled to statutory damages from Defendant under 9 VT Stat. Ann. § 2464c of at least $500 per violation, which amounts to greater than $5,000,000.

56. Mr. Baker and the members of the Class D are also entitled to punitive damages from Defendant under 9 VT Stat. Ann. § 2464c in an amount to be determined at trial.

57. Mr. Baker and the members of the Class D are also entitled to an injunction against Defendant under 9 VT Stat. Ann. § 2464c.

58. Mr. Baker and the members of the Class D are also entitled to reasonable costs and attorney's fees for this action from Defendants under 9 VT Stat. Ann. § 2464c.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Baker requests:

A. An order certifying the Classes, appointing Mr. Baker as representative of the Classes, and appointing the law firms representing Mr. Baker as counsel for the Classes;

B. an award to Mr. Baker and the members of Classes A and B, and against Defendant, of at least $500 for each of Defendant's violations of the TCPA, which amounts to more than $5,000,000 for each of Classes A and B;

C. if it is found that Defendants willfully and/or knowingly violated the TCPA, an increase of the damage award against Defendant to $1,500 for each of Defendant's violations of the TCPA, which amounts to more than $15,000,000 for each of Classes A and B;

  D. an injunction under the TCPA against Defendant for Mr. Baker and each of Classes A and B for Defendant's violations of the TCPA;

  E. an award to Mr. Baker and the members of Classes C and D under 9 VT Stat. Ann. §§ 2464c, and against Defendant, of at least $500 for each of Defendant's violations of 9 VT Stat. Ann. §§ 2464a(b)(1), (b)(2), which amounts to more than $5,000,000 for each of Classes C and D;

  F. an award to Mr. Baker and the members of Classes C and D under 9 VT Stat. Ann. § 2464c, and against Defendant, of punitive damages in an amount to be determined at trial;

  G. an injunction under 9 VT Stat. Ann. §§ 2464c against Defendant for Mr. Baker and each of the classes for Defendant's violations of 9 VT Stat. Ann. §§ 2464a(b)(1), (b)(2);

  H. an award under 9 VT Stat. Ann. § 2464c for the reasonable costs and attorney's fees of this action to Mr. Baker and Classes C and D;

  I. such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
   January 28, 2021

            Respectfully submitted,

            BELLIN & ASSOCIATES LLC

            /s/ Aytan Y. Bellin
            By: Aytan Y. Bellin
            50 Main Street, Suite 1000
            White Plains, NY 10606
            Tel: (914) 358-5345
            Fax: (212) 571-0284

E-mail: aytan.bellin@bellinlaw.com

Richard Bennett (*pro hac vice* motion to be filed shortly)
BENNETT & BENNETT
1200 Ananstasia Avenue, Office 360
Coral Gables, FL 33134
Tel: (305) 444-5925
Email: richardbennett27@gmail.com

*Attorneys for Plaintiff and the Proposed Classes*